**Salvador Parra BAEHR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64988.**

Court of Criminal Appeals of Texas, Panel 2.

March 11, 1981.

Rehearing Denied May 27, 1981.

David S. Jeans and Darrell R. Windham, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

On the very day motion for rehearing was granted and the judgment of conviction was affirmed in *Hernandez v. State*, 599 S.W.2d 614 (Tex.Cr.App.1980) for want of an objection identifying in a pen packet what was objected to,[1] the briefs for the parties in this cause were filed with the Clerk of this Court. Therein, under ground of error three presented by appellant and the reply made by the State, they vigorously joust over correctness of the law enunciated by a majority of the panel on original submission reversing the judgment.[2] Happily, the issue that divided the En Banc Court in *Hernandez v. State* is not in this cause.

After the jury returned its verdict finding appellant guilty of committing, on or about April 11, 1979, the offense of unauthorized use of a motor vehicle, it was excused briefly and the trial judge entertained, heard and overruled objections to exhibits the State proposed to offer, as we set forth in the margin.[3] We are satisfied that "generally acknowledged policies of re-

1. The opinion on rehearing at 617 succinctly states: "While it might be conceded that appellant's objection sufficiently stated *grounds* for the objection it did not identify what was objected to." (Emphasis in original, but all other emphasis is mine unless otherwise indicated.)

2. Believing the stated objection functionally ample enough, at 615, the panel majority held: "The Legislature has restricted the meaning of 'prior criminal record' to three findings of guilt beyond a reasonable doubt: final convictions, suspended convictions and judgments granting probation. A finding of a violation of conditions of probation is none of those things. It is not within the terms of the statute. It was error to admit proof of the violation." Rejecting the argument that "pleadings" are admissible at the punishment phase, the opinion points out, "Not every motion is a State's pleading, nor is the order granting the motion a part of the 'prior criminal record'."

3. "THE COURT: Let the record reflect that these proceedings are held in the presence of the Defendant and outside the presence of the jury. Now, it's been made known to the Defense that the State intends to prove up *a prior conviction* of this Defendant *resulting in a probation which was later revoked.* Counsel for the Defense has seen the documents which the State plans to rely on and in advance of the hearing before the jury, wishes to lodge certain objections which the Court will now hear, and these objections will be considered as having been made at the time the State makes it prove [sic] without the necessity of Counsel requesting the retirement of the jury or standing to make his objections. All right.

[Defense Counsel]: Thank you, Your Honor. In that regard, the Defense would object to this introduction of the records which have previously been shown to us which allegedly form the basis of proof of a final conviction of a former extraneous offense of

quiring specific objections," *Zillender v. State*, 557 S.W.2d 515, 517 (Tex.Cr.App. 1977), were accomplished by the colloquy and that it was at once obvious to the trial judge and the prosecuting attorney what[4] was being objected to and why. The question is whether admitting the material is error, and to that we now turn.

In its reply to ground of error three the State pleads, as it were, confession and avoidance, *viz*:

"In view of this court's recent [panel] decision in *Hernandez v. State* . . . Appellant's Third Ground of Error appears to have merit. However, the Appellee would urge this court to either reconsider its holding because it interprets Article 37.07, Section 3(a) of the Texas Code of Criminal Procedure too narrowly, or limit its application in the instant case because no harm was suffered by the Appellant as a result of the admission into evidence of the State's Motion to Revoke Probation and other documents."

At the outset it must be noticed that, unlike the "regular" probation granted in *Hernandez*, what the trial court did here in its November 9, 1976 order was to defer adjudication of guilt pursuant to Article 42.12, § 3d and to place appellant on that special kind of probation. See *McNew v. State*, 608 S.W.2d 166 (Tex.Cr.App.1980); *Williams v. State*, 592 S.W.2d 931 (Tex.Cr. App.1979); *McIntyre v. State*, 587 S.W.2d 413 (Tex.Cr.App.1979). The State does not attach any particular significance to the different situations, whereas appellant contends that because of the nature of deferred adjudication the State's Exhibit 5 and the motions to revoke in State's Exhibit 6 did not go to prove a final conviction; he says only the sentence portion was admissible to show one. As a practical matter, of course, appellant is correct,[5] but the answer must be a legal one based on construction of applicable statutes, and in finding it the rationale of *Hernandez* is instructive.

Drawing on the teaching of *Cross v. State*, 586 S.W.2d 478 (Tex.Cr.App.1979), that revocation of "regular" probation "is not a conviction, suspended sentence, or probation, at which the judge, acting in his discretion, applies a preponderance of the evidence standard," *Hernandez*, supra, at 615, the panel opinion reached the same

---

the Defendant, on the grounds number one, that they constitute hearsay and . . . we would also object to their introduction on the grounds *they contain details or circumstances surrounding the prior offenses, in particular with regard to the probation revocation a specific recitation of the circumstances underlying the revocation*, and to that extent according to the prevailing rules of law in the State of Texas, should not be permitted to go to the jury for their consideration.

THE COURT: . . . [T]he Court at this time will overrule your objection with the understanding that it will so show in the record as having been made at the time that the proof is offered by the State."

The exhibits are State's Exhibit 5, denominated "Deferred Sentence, Art. 42.12," dated November 9, 1976, and State's Exhibit 6, consisting of a Motion to Revoke Adult Probation, dated July 8, 1977; a First Amended Motion to Revoke Adult Probation, dated August 24, 1977; and, on a single sheet, a completed "Order Revoking Adult Probation" and below that the "Sentence" imposed, dated September, 9, 1977. Each paper in both exhibits bear the same cause number in the same district court and reveal that the 1976 offense was likewise unauthorized use of a motor vehicle.

4. The two exhibits are all the documentary evidence adduced at the punishment hearing except a card of appellant's fingerprints taken by an identification and records officer and utilized to compare known prints with those appearing on only the order deferring adjudication of guilt.

5. No one has called attention to the lamentable mistake that makes our coming to a conclusion on this issue a much more burdensome task: The multipurpose form for showing an order revoking probation and imposing sentence has been completed in such a way that it recites— in the face of every other germane paper and contrary to the plain and otherwise undisputed fact—that on November 9, 1976 the trial court *"found the Defendant guilty* as charged and assessed his *sentence* [sic] as confinement . . . for a period of 5 years and placed said Defendant on adult probation for 5 years . . ."* Accordingly, that portion of the combined form, while it revokes probation, simply does not adjudge appellant guilty—that available language in the order part of the form having been stricken out with typewritten exes. In short, there is no judgment of conviction in the 1976 case in the record before us.

result in construing the terms of Article 37.07, § 3(a) and holding it is error to admit proof of the violation. Given that the procedure for rendering deferred adjudication is even a more informal administrative proceeding and subsequently determining to proceed with an adjudication of guilt is a matter for exercise of reviewable discretion by the trial court, *Williams v. State,* and other authorities cited *ante,* neither the order of deferral nor the motions to revoke are "findings of guilt beyond a reasonable doubt," *Hernandez,* supra, at 615.

■ Citing and quoting from *Haliburton v. State,* 578 S.W.2d 726, 729 [6] (Tex.Cr.App. 1979), the State argues that the information reflected by its exhibits "should be presented to the jury in order for it to make an informed and intelligent decision on the question of punishment." Of course, the short answer to that is the Legislature has not authorized it; rather, by definition it has prohibited a revelation of that data pertaining to criminal proceedings which does not come with the meaning of "prior criminal record." Moreover, the argument assumes that the data will inform the jury and will enhance its intelligence, but an examination of the papers at issue suggests an invitation to speculate and conjecture the significance of their contents.

Thus, aside from the standard terms and conditions of "regular" probation provided by Article 42.12, § 6 in November 1976, which *Haliburton v. State,* supra, n. 5 at 729, points out are regularly considered by a jury in appropriate cases, the deferred adjudication order here imposed on appellant a curfew between 11:00 p. m. and 6:00 a. m. and prohibited him from operating a motor vehicle without prior permission, among other restrictions. Surely, reasonably inquisitive men and women on the jury would pause to wonder what it was about appellant that brought a judge to restrict exercise of such common liberties. As to the motions to revoke, though it may be conceded that an allegation of failure to report for three successive months is somewhat innocuous, the amended charge that thereafter appellant was "*located* in Haywood, Alameda County, California"—when he was supposed to remain in El Paso County—raises more serious, even sinister, implications to ponder. The legislative insistence that only a record of conviction for criminal conduct enlighten a punishing jury was intended and designed to withhold from it data and information which may portray in some minds that the accused before them is a "bad actor," a scofflaw generally.[7] While the original version of the statute was initially perceived in 1966 as accomplishing the "purpose and intent 'to take the blindfold off' of the jury that has the responsibility of assessing the punishment," *Rojas v. State,* supra, at 34, the definition of "prior criminal record" added in 1967 put it back on, partially at least.

We adhere to the rationale of *Hernandez,* and now hold that neither the deferred adjudication order nor the motion or amended motion to revoke probation is a "prior criminal record" within the meaning of Article 37.07, § 3(a), and admitting them in evidence over valid objection was reversible error.

---

**6.** "The policy of the law should require juries to make informed and intelligent decisions based on every piece of information *legally* available." However, what shall be that policy is, in the first instance, a matter for legislative determination, and Article 37.07, § 3(a) is an unambiguous consequence of determined policy to state precisely the meaning of "prior criminal record." It is helpful to recall that the initial failure to define the term led to such severe differences in interpretation, e. g., *Rojas v. State,* 404 S.W.2d 30 (Tex.Cr.App.1966), that a definition was provided by the Legislature at its next session, as recounted in *Ramos v. State,* 419 S.W.2d 359, 364–365 (Tex.Cr.App.1967).

**7.** Indeed, in other terms that is exactly what the State argued to the jury in the case at bar from the contested exhibits—against an objection that the trial court overruled with the remark that "if these matters are in the exhibits, you may argue them," *viz:*

"Apparently this man has not learned, the same offense. Just consider what type of man you are dealing with and take it from the start of the trial up to now? What type of man are you dealing with and punish him accordingly. Just look at the evidence and I want you to look at these documents."

The only "documents" are those described in notes 3 and 4, *ante.*

The combined order revoking probation and imposing sentence, however, presents a more difficult problem especially considering that recitations in the first part incorrectly state the history of the case. Again, adjudication of guilt had been deferred, rather than considered and entered November 9, 1976; appellant was placed on § 3d "probation" which need not be formally revoked in order for the trial court to determine whether to proceed to an adjudication of guilt, rather than "regular" probation which must be; and the order simply does not adjudicate guilt or assess punishment and, therefore, that part is not a judgment within the meaning of Article 42.01,[8] V.A.C.C.P., *Tyra v. State*, 548 S.W.2d 912 (Tex.Cr.App.1977). Indeed, after stock findings[9] the operative language purports only to revoke probation: "It is therefore the ORDER of the Court that said adult probation of said Defendant be and hereby is revoked." *Hernandez* opines, "A finding of a violation of conditions is none of these things. It is not within the terms of the statute." We so hold; the order revoking probation was not admissible.

Appellant does not contest the sentence, and though there be no judgment the sentence was admissible without it. *Thornton v. State*, 576 S.W.2d 407 (Tex.Cr.App.1979).

Ground of error three is sustained. Punishment having been assessed by a jury, the judgment of conviction is reversed and the cause remanded for trial.

---

8. "Section 1. A 'judgment' is the declaration of the court entered of record showing:

\* \* \* \* \* \*

9. In the case of a conviction, that it is considered by the court that the defendant is adjudged to be guilty of the offense ..."

9. The findings, *inter alia*, are that terms and conditions of probation included: "Remain in El Paso County, Texas" and "that the Defendant violated the terms of such probation in the respect set out in said Motion to Revoke Adult Probation." That respect, it is to be recalled, is that appellant was "located in Haywood, Alameda County, California."