**Wilbert TYLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00347–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 6, 1982.

Rehearing Denied Feb. 8, 1982.

Discretionary Review Refused
May 19, 1982.

Paul Brauchle, Lawrence Mitchell, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before TED Z. ROBERTSON, STEPHENS and VANCE, JJ.

VANCE, Justice.

A jury found the appellant guilty of rape of a child, found the prior felony conviction alleged for enhancement to be true and assessed punishment at confinement for seven years. In his sole ground of error the appellant asserts that the court erred by admitting, during the punishment phase of trial, a penitentiary packet which contained evidence of criminal conduct *not* shown to have been a final conviction. (Emphasis supplied) We agree, and accordingly reverse and remand.

At the punishment hearing, the State introduced a penitentiary packet containing documents relating to appellant's convictions in Cause Nos. C69–7355–JK and C70–2665–LK. It appears from the record that appellant was originally placed on probation in Cause No. C69–7355–JK and that probation was later revoked. The penitentiary packet contained a motion to revoke probation in Cause No. C69–7355–JK which stated in part:

> ... That Defendant has violated the following conditions *(a)* of said probation in that commit no offense against the laws of this or any other State or the United States; (on 3/18/70, a charge of burglary of a business house, Nighttime, was filed against the subject) ...

The appellant made a general objection to the exhibit and a specific objection to the inclusion of the motion to revoke, in that it did not constitute a final conviction. The trial court overruled the objection and admitted the entire exhibit into evidence for the jury.

The exhibit further showed, by way of the judgment and sentence, that Cause No. C70–2665–LK was a conviction for burglary having been committed on March 18, 1970. The State maintains that it is reasonably inferable that the burglary which caused the probation to be revoked in Cause No. C69–7355–JK did result in a final conviction in Cause No. C70–2665–LK. There is *no* evidence that the two burglaries are the same offense. Cause No. C70–2665–LK was a conviction for "burglary" that occurred on March 18, 1970. The motion to revoke probation outlined a *charge* of "burglary *of a business house, Nighttime,*" being filed on March 18, 1970. (Emphasis supplied) Consequently the quoted statement appears to have brought before the jury evidence of an offense of which no final conviction was shown.

The motion to revoke probation was not admissible as part of the exhibit under Tex. Code Crim.Pro.Ann. art. 37.07, § 3(a) (Vernon 1981) and was reversible error. *Baehr v. State*, 615 S.W.2d 713, 716 (Tex.Cr.App. 1981). The ground of error is sustained. Punishment having been assessed by a jury, the judgment of conviction is reversed and the cause remanded for trial.