Kevin Xavier GREEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0838–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1983.

Stanley G. Schneider, Houston, for appellant.

James C. Brough, Houston, for appellee.

Before LEVY, WARREN and DOYLE, JJ.

LEVY, Justice.

This is an appeal from a conviction of attempted murder where the jury assessed punishment at seven years confinement.

The record reflects that on May 13, 1982, the complainant gave appellant a ride in his car. After engaging in homosexual relations in complainant's car, the appellant pulled a gun, shot the complainant three times, made the complainant get out of the car, and drove away. An Oklahoma Highway Patrolman testified that he arrested appellant on May 13, 1982, in Oklahoma and that appellant was driving a beige 1977 Mercury Cougar belonging to the complainant. Although appellant raises two grounds of error, we will discuss only the second since it is dispositive of the case.

In his second ground of error, the appellant contends that the trial court erred in overruling his objection to his impeachment by evidence that he was on deferred adjudication at the time of trial. During the guilt/innocence stage of trial, the appellant testified outside the jury's presence that he was on deferred adjudication for theft. The court denied appellant's objection to the question and the State was allowed to question appellant within the jury's presence. Appellant timely renewed his previous objection. The appellant contends that his deferred adjudication proceeding provided only an indicted offense, rather than a convicted offense, because at the time of trial no finding of guilt had been entered. He argues that deferred adjudication is different from normal probation because there is no judgment of guilt nor is there a pronouncement of sentence.

The State contends that it was authorized to prove that appellant was on probation under Tex.Ann.Code Crim.Pro. art. 38.29 (Vernon 1965). The State admits that there is no adjudication of guilt, but urges that "probation" as used in Article 42.12, § 3d has been held correct and constitutional, citing *McNew v. State,* 608 S.W.2d 166 (Tex.Cr.App.1978), and *Ex parte Shillings,* 641 S.W.2d 538 (Tex.Cr.App.1982). Furthermore, prior to the enactment of the predecessor of Article 38.29, a mere indictment sufficed for impeachment. Finally, the State argues that since there is no limitation on the use of the word "probation" in Article 38.29, a person who is on unexpired probation as authorized under Article 42.12, § 3d may be impeached as a witness by questioning him as to whether he is on probation.

We must determine whether "probation" as used in Article 38.29 is equivalent to "probation" as used in Article 42.12, § 3d.

Article 38.29 states in pertinent part: *The fact that a defendant in a criminal case,* or a witness in a criminal case, *is or has been, charged by indictment, information or complaint,* with the commission of *an offense* against the criminal laws of this State, of the United States, or any other State *shall not be admissible* in evidence on the trial of any criminal case *for* the purpose of *impeaching* any person as a witness *unless* on trial under such indictment, information or complaint a *final conviction has resulted,* or a suspended sentence has been given and has not been set aside, *or such person has been placed on probation and the period of probation has not expired.* (Emphasis added)

The pertinent part of Article 42.12, § 3d states:

(a) When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and *place the de-fendant on probation* on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases.

(b) On violation of a condition of *probation* imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred. (Emphasis added)

■■■ "Probation," as used in Article 38.-29, means that a defendant has been convicted of an offense but the court has released him under certain conditions for a specific time during which the sentence is suspended. *See Burson v. State,* 511 S.W.2d 948 (Tex.Cr.App.1974). *See also Avilla v. State,* 493 S.W.2d 233 (Tex.Cr.App. 1973). "Probation," as used in Article 42.12 § 3d, is a procedure which does not include an adjudication of guilt. *McNew v. State, supra; Ex parte Shillings, supra.* Therefore, "probation" as used in Article 38.29 is not equivalent in a significant sense to "probation" as used in Article 42.12 § 3d. *See Baehr v. State,* 615 S.W.2d 713 (Tex.Cr. App.1981), where it was held that deferred adjudication was not a "prior criminal record" within the meaning of Article 37.07, § 3(a) and that admission of appellant's deferred adjudication into evidence over valid objection was reversible error.

Reversed and remanded.