Lewis Daniel **TRIPLETT**, Jr., AKA Robert Elvis Thomas, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0424–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 14, 1985.

Allen Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Glenn Gotschall, Asst. Dist. Attys., Houston, for appellee.

Before HOYT, WARREN and DUGGAN, JJ.

OPINION

HOYT, Justice.

The appellant was convicted by a jury of aggravated robbery and assessed punishment at 50 years confinement in the Department of Corrections.

The complainant, Pamela Paschal, first met the appellant at a Houston nightclub in September 17, 1983. At closing time, he asked her for a ride to his truck. While she was stopped at a red light, he reached over and put the car in park, took the keys out of the ignition, displayed a knife, and threatened to kill her. She then jumped out of the car, and he moved into the driver's seat and drove off.

The complainant identified the appellant in a line-up on February 1, 1984, and at trial. Appellant now brings five grounds of error.

In the first ground of error, the appellant complains that the evidence is insufficient to prove that the knife is a deadly weapon. The following instruction on deadly weapon, which follows Tex.Penal Code Ann. sec. 1.07(a)(11) (Vernon 1974), was given to the jury:

> "Deadly weapon" means a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

A knife is not a deadly weapon per se; however, consideration of the manner in which a knife is used or intended to be used, its size, shape, and sharpness, and its capacity to cause death or serious bodily injury may dictate a finding that a knife is a deadly weapon. *Davidson v. State*, 602 S.W.2d 272 (Tex.Crim.App.1980); *Denham v. State*, 574 S.W.2d 129 (Tex.Crim.App. 1978). In the absence of serious bodily injury, the jury must discern the manner of the knife's use *or* its intended use, its capacity to produce death or serious bodily injury, as well as its size, shape, and sharpness in determining whether the knife is a deadly weapon. *Batro v. State*, 635 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

In the case before us, the knife was not introduced into evidence however, and

the complainant's description of the knife was somewhat expositive and uncontradicted. She described the knife as a pocketknife with a four or five-inch shining blade with a point on the end. She testified that she was sitting in the front passenger seat, and the complainant was in the driver's seat when the appellant held the knife up to her view. When the complainant did not get out of the car following appellant's threat, he held the knife closer to her face as he repeated his threat to kill her. She testified that she feared for her life and exited the car, leaving her shoes and purse behind.

We conclude that when a knife, as described in this case, is exhibited in the manner described, there is sufficient evidence from which the jury could conclude beyond a reasonable doubt that the weapon was deadly "in the manner of its use or intended use." Ground of error one is overruled.

Ground of error two alleges error because the trial court overruled appellant's objection to the jury charge due to the trial judge's failure to include an instruction on the lesser included offense of robbery.

■ The established rule is that trial courts will instruct the jury on the lesser included offense when there is some evidence that raises an issue of the lesser included offense *and* there is testimony that if the defendant is guilty, he is guilty only, of the lesser offense. *Hunter v. State,* 647 S.W.2d 657, 658 (Tex.Crim.App. 1983).

■ In the case at hand, the complainant's testimony describing the knife, the proximity of the parties, and the location of the knife were not challenged on cross-examination. Although the knife was not introduced into evidence, the description was expositive and uncontradicted. The appellant points out in his brief that the jury could have had a reasonable doubt whether he used or exhibited a deadly weapon. Any reasonable doubt that a jury could have had must arise from the evidence or lack of evidence concerning whether the knife met the deadly weapon test. Where the appellant offers no evidence and a review of the record reveals no conflicting evidence concerning the deadly weapon, an instruction on the lesser offense of robbery is not required, especially when the deadly weapon test is otherwise met. *See Parr v. State,* 658 S.W.2d 620, 622 (Tex.Crim.App.1983); *Stevens v. State,* 636 S.W.2d 857, 860 (Tex.App.—Waco 1982, pet. ref'd).

Ground of error two is overruled.

The final three grounds center on an order deferring adjudication, which was admitted into evidence at the punishment phase. On January 19, 1983, the appellant was placed on probation for six years by an order of probation out of Cherokee County, without an adjudication of guilt. The admission of the deferred adjudication order was objected to in this case based on the premise that it was not an adjudication of guilt. Appellant urges that the deferred adjudication order is not a "prior criminal record" within the meaning of Tex.Code Crim.P.Ann. art. 37.07, sec. 3(a) (Vernon 1981), and therefore, its admission constitutes reversible error.

Article 37.07, sec. 3(a) provides as follows:

> Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty
>
> (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

The appellant relies on the holding in *Baehr v. State,* 615 S.W.2d 713, 716 (Tex. Crim.App.1981), which holds that the deferred adjudication order is not a prior criminal record within the meaning of art. 37.07, sec. 3(a). The rationale is that a prior criminal record is a finding of guilt,

contrary to the informal administrative procedure of rendering deferred adjudication where no such finding is made. *Id.* at 716.

The State, however, contends that the deferred adjudication order is admissible under Tex.Code Crim.P.Ann. art. 42.12, sec. 3d(c) (Vernon 1979). This section provides as follows:

Sec. 3d(c) On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, the court shall dismiss the proceedings against the defendant and discharge him. The court may dismiss the proceedings and discharge the defendant prior to the expiration of the term of probation if in its opinion the best interest of society and the defendant will be served. A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty.

■ The State urges us to follow the decision in *Brown v. State*, 668 S.W.2d 470 (Tex.App.—Dallas 1984, pet. granted), now pending before the Court of Criminal Appeals. In *Brown*, the Court held that *Baehr*, 615 S.W.2d at 713, was not controlling because it did not consider the effect of art. 42.12, sec. 3d(c) upon the admissibility of a deferred adjudication order. *Brown* holds that on the issue of penalty, a deferred adjudication order is admissible under art. 42.12, sec. 3d(c). We respectfully disagree. The Legislature has restricted the meaning of "prior criminal record" to three findings of guilt beyond a reasonable doubt: final conviction, suspended sentences, and judgments granting probation. *Hernandez v. State*, 599 S.W.2d 614, 615 (Tex.Crim.App.1980). Probation arising from a deferred adjudication order does not fall under any of these categories. The Legislature created several forms of felony probation under art. 42.12: "Regular" probation, sec. 3a and c; deferred adjudication, sec. 3d(a); "shock probation," sec. 3e(a); and alternate probationary sentencing, sec. 6c(a). Further, it defined "probation" to mean *the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended.* Art. 42.12, sec. 2b. Deferred adjudication means that a defendant has been indicted of an offense, rather than *convicted.* *Green v. State*, 663 S.W.2d 145 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd). It logically follows that when the Legislature used the term "probation" in art. 42.-12, sec. 3d(c), it was referring to probation as defined in sec. 2b; probation granted following a conviction, not deferred adjudication.

■ We are concerned, however, with whether the improper admission of the deferred adjudication order constituted reversible error. We find that it did not, since the appellant allowed the probation officer to testify concerning the essential contents of the order without objection.

Grounds of error four and five allege error in the admission of the deferred adjudication order, because it was uncertified and the probation officer's testimony in proving up the order, violated the "best evidence" rule.

■ We hold that, even if the deferred adjudication order had been certified, it would not have been admissible because it was not a final conviction within the meaning of art. 37.07 sec. 3(a) or art. 42.12 sec. 3d(c). We further hold that the objection made by the appellant related to the document and does not reach the testimony elicited from the probation officer. An objection must not only identify what is objected to, but must be specific and set forth grounds for the objection. *Evans v. State*, 480 S.W.2d 387 (Tex.Crim.App.1972); *Hinkle v. State*, 442 S.W.2d 728 (Tex.Crim.App. 1969). The testimony was properly admitted in the absence of a timely objection, therefore, any error in admitting the deferred adjudication order was harmless.

Grounds of error three, four, and five are overruled.

The judgment of the trial court is affirmed.