**Keith Andrea PALEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00791–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 6, 1991.

Discretionary Review Refused Sept. 18, 1991.

Stanley Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., J. Harvey Hudson, Mike Anderson, Asst. Harris Co. Dist. Attys., for appellee.

Before DUNN and SAM BASS, JJ.

## OPINION ON MOTION FOR REHEARING

DUNN, Justice.

We overrule appellant's motion for rehearing. We withdraw our opinion dated August 30, 1990, and substitute the following opinion.

This is an appeal from a conviction of aggravated kidnapping. Keith Andrea Paley, appellant, was found guilty and sentenced to 25 years. We affirm.

Vonciele Overshoun, the victim, lived with appellant for a while, but sometime before the kidnapping, moved out. On September 17, 1986, while Overshoun and her young children, Pam and Reginald (Tanky), were riding with Darryl Gilbo, they passed appellant going the opposite direction in his truck. When appellant saw Overshoun, he turned around, caught up with them, and blocked the street, requiring them to stop. Pointing a gun at their car, appellant forced Overshoun out of the car. Appellant told Gilbo to keep his hands on the

steering wheel and repeated that he "ought to shoot [him]." He then forced Overshoun into his truck and drove away.

A short time later, appellant ran his truck off a highway. Passersby discovered Overshoun and appellant, and tried to assist them. Appellant had a gunshot wound to his chest, and Overshoun was shot in the face. She died at the scene. Appellant's wound was a contact wound, the gun having been fired at a range of from one to six inches. The gun was never found.

Deferred Adjudication

In his first point of error, appellant contends the trial court erred in sustaining the State's objection to cross-examination of Gilbo on (1) his deferred adjudication status, and (2) his possible expectation of the State's aid in terminating his probation, in return for his testimony.

Before the State began its direct examination of Gilbo, it made an oral motion in limine to prevent opposing counsel from using Gilbo's deferred adjudication status or expectation of termination of probation for impeachment. The trial court stated it would not permit any testimony about deferred adjudication, which had the effect of not permitting any testimony on Gilbo's deferred adjudication status or his expectation of termination of probation.

After direct examination of Gilbo, the jury was removed and appellant's counsel questioned Gilbo about his deferred adjudication. Most of the questions related to whether he had discussed early termination of his probation with the prosecutor in return for cooperation. Gilbo admitted being on deferred adjudication for the felony offense of burglary of a motor vehicle, but denied speaking to anyone about removing his probationary status. After the voir dire examination of Gilbo, the court overruled appellant's motion to cross-examine Gilbo about his probation and any discussion on early termination of his probation.

Appellant claims Gilbo's testimony should have been presented to the jury for impeachment purposes. He relies on TEX. R.CRIM.EVID. 609(a), which states that a witness' credibility may be attacked by evidence of a conviction of a crime, if the crime was a felony or one involving moral turpitude. Appellant also asserts that his constitutional right to confrontation under the sixth amendment to the United States Constitution entitled him to cross-examine Gilbo to show any bias, ill feeling, motive, or animus on the part of Gilbo against him. *See Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974); *Harris v. State*, 642 S.W.2d 471, 476 (Tex.Crim.App.1982), *cert. denied*, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). The State counters that where a finding of guilt has been deferred, there is no conviction;[1] therefore, TEX.R.CRIM.EVID. 609 is inapplicable. The State contends that, under the facts of this case, the trial judge did not abuse his discretion in overruling appellant's motion to cross-examine Gilbo about his deferred adjudication because Gilbo's offense did not arise in the same transaction for which appellant was on trial; he was never a suspect in the instant case; he was not engaged in any criminal enterprise with appellant; nor was he in danger of prosecution for any offense at the time of trial.

The determination of admissibility of evidence is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App. [Panel Op.] 1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim.App.1986). More specifically, the extent to which a witness may be cross-examined for the purpose of showing bias rests on the sound discretion of the trial court. *See Carrillo v. State*, 591 S.W.2d 876, 886 (Tex.Crim.App. [Panel Op.] 1979).

Rule 608(b) of the Texas Rules of Criminal Evidence provides that specific instances of a witness' conduct for the purpose of attacking or supporting his credibility, other than conviction of a crime as set forth in rule 609, may not be inquired into on cross-examination of the witness. Rule 609 reads, in part, as follows:

---

1. *See* TEX.CODE CRIM.P.ANN. art. 42.12, § 5 (Vernon Supp.1991).

(a) **General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

. . . .

(c) **Effect of pardon, annulment, or certificate of rehabilitation.** Evidence of a conviction is not admissible under this rule if (1) based on the finding of the rehabilitation of the person convicted, the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure, and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment, or (2) probation has been satisfactorily completed for the crime for which the person was convicted, and that person has not been convicted of a subsequent crime which was classified as a felony or involved moral turpitude, regardless of punishment, or (3) based on a finding of innocence, the conviction has been the subject of a pardon, annulment, or other equivalent procedure.

■ It is well established under rule 609 and its predecessor, TEX.CODE CRIM.P.ANN. art. 38.29,[2] that great latitude should be allowed a defendant in showing any fact tending to establish ill feeling, bias, motive, and animus on the part of any witness against him. *See Alexander v. State,* 740 S.W.2d 749, 763 (Tex.Crim.App.1987) (defendant's testimony on collateral offense improper to admit because no showing that it established prejudice, interest, bias, or motive); *Harris,* 642 S.W.2d at 476–77 (error to deny questioning witness about juvenile proceedings arising out of same of-

fense for which defendant on trial where prosecution had intervened to delay adjudication of juvenile cause); *Spain v. State,* 585 S.W.2d 705, 710 (Tex.Crim.App. [Panel Op.] 1979) (error to refuse to allow testimony that witness received probated sentence for involvement in the same offense for which defendant was on trial); *Castro v. State,* 562 S.W.2d 252, 256 (Tex.Crim.App. 1978) (error to refuse to admit testimony showing witness had been formally charged with an offense arising out of same transaction for which defendant was on trial and that charges were dropped); *Simmons v. State,* 548 S.W.2d 386, 388 (Tex.Crim.App.1977) (error not to allow cross-examination of complaining witness about prior arrests unrelated to offense with which defendant was charged because State could refile charges against complainant); *Evans v. State,* 519 S.W.2d 868, 871 (Tex.Crim.App.1975) (error to refuse to admit evidence of a witness' pending indictment in unrelated offense in same court when his trial had been reset and where witness was a potential indictee for offense for which defendant was on trial); *Mead v. State,* 759 S.W.2d 437, 443 (Tex.App.—Fort Worth 1988, pet. granted) (rule that probated sentence may be used to impeach witness inapplicable because probation expired); *but see Green v. State,* 676 S.W.2d 359, 362–63 (Tex.Crim.App.1984) (no error to refuse questioning on rebuttal witness' pending misdemeanor charge where prosecution not using charge to pressure witness and witness not a material witness or accomplice to offense).

Furthermore, the United States Supreme Court in *Davis,* 415 U.S. at 319, 94 S.Ct. at 1111, held that a defendant's constitutional right to confrontation of the witness against him required that he be permitted to cross-examine a State's witness about the witness' probation from juvenile court, even though state law prohibited such information from being admitted into evidence in any proceeding. The Court stated

**2.** Act of June 18, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex.Gen.Laws 317, 471, *repealed by* Act of June 14, 1985, 69th Leg., R.S., ch. 685, § 9(a), (b)(2), 1985 Tex.Gen.Laws. 2472, 2474. The repeal became effective when the Court of

Criminal Appeals promulgated the Texas Rules of Criminal Evidence on December 18, 1985, to be effective on September 1, 1986. The substance of former article 38.29 is now contained in rules 608 and 609.

the claim of bias that the defense sought to develop was admissible to afford a basis for an inference of undue pressure by the prosecution on the witness because of his vulnerability as a probationer, as well as his concern that he might be a suspect in the case. 415 U.S. at 317–18, 94 S.Ct. at 1110–11; *see also Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (error to refuse cross-examination of witness on dismissal of drunk driving criminal charge against him unrelated to offense with which defendant charged, but error subject to harmless error analysis).

We acknowledge those cases that state or imply probation resulting from deferred adjudication proceedings is not an adjudication of guilt and, therefore, does not constitute a conviction. *See Baehr v. State,* 615 S.W.2d 713, 716 (Tex.Crim.App. [Panel Op.] 1981) (deferred adjudication order is not a prior criminal record within the meaning of Tex.Code Crim.P.Ann. art. 37.07, sec. 3(a), which allows into evidence after finding of guilty prior criminal records that are final convictions or probated or suspended sentences); *McNew v. State,* 608 S.W.2d 166, 172 (Tex.Crim.App. [Panel Op.] 1978) (probation under deferred adjudication was not regular probation and did not violate Tex. Const. art. IV, sec. 11A); *Triplett v. State,* 686 S.W.2d 342, 345 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd) (deferred adjudication order inadmissible under Tex.Code Crim.P.Ann. art. 37.07, sec. 3(a) because not a final conviction); *Green v. State,* 663 S.W.2d 145, 146 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd) (deferred adjudication probation is not an adjudication of guilt and is not the equivalent of probation under Tex.Code Crim.P.Ann. art. 38.29, now rule 609; therefore error to admit evidence of defendant's deferred adjudication status). However, *Baehr* and *Triplett,* which involved the admissibility of a prior criminal record document under Tex.Code Crim. P.Ann. art. 37.07, sec. 3(a) (Vernon Supp. 1991), and not impeachment testimony under rule 609, have been overruled by *Brown v. State,* 716 S.W.2d 939, 950 (Tex. Crim.App.1986). *See also Ybarra v. State,* 768 S.W.2d 491, 493–94 (Tex.App.—Hous-

ton [1st Dist.] 1989, no pet.). Furthermore, *Baehr, McNew, Triplett,* and *Green* did not concern the well-established exception to former article 38.29 and rule 609, which allows cross-examination of witnesses about probated sentences, pending indictments, and prior arrests to show ill feeling, bias, motive, and animus.

■ We hold Gilbo's testimony on his deferred adjudication status was admissible under rule 609(a) for impeachment purposes, and the trial court abused its discretion in refusing to allow it. *See Harris,* 642 S.W.2d at 477–78; *Spain,* 585 S.W.2d at 710; *Castro,* 562 S.W.2d at 256–57; *Simmons,* 548 S.W.2d at 388; *Evans,* 519 S.W.2d at 873; *but see Green,* 676 S.W.2d at 363. Gilbo was a material witness to the events of September 17, 1986, and he was on probation after deferred adjudication proceedings on that date and at the time of trial. For the purpose of measuring his credibility and the extent to which the State might have influenced his testimony, the jury was entitled to know about his deferred adjudication status and any conversations he might have had with the prosecution, police, or his probation agent about ending his probation. *See Davis,* 415 U.S. at 317–18, 94 S.Ct. at 1110–11; *Harris,* 642 S.W.2d at 478–79.

Rule 81(b)(2) of the Texas Rules of Appellate Procedure provides that, if the record reveals error in the trial court, the appellate court must reverse the judgment, unless it determines, beyond a reasonable doubt, the error made no contribution to the conviction or punishment. In various cases in the late 1970's and early 1980's, the Court of Criminal Appeals held that a showing of want of prejudice could not cure a denial of the right of effective cross-examination. *Harris,* 642 S.W.2d at 480; *see also Spain,* 585 S.W.2d at 710; *Evans,* 519 S.W.2d at 873. However, the United States Supreme Court in *Van Arsdall,* 475 U.S. at 684, 106 S.Ct. at 1438, recently held that the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias is subject to harmless error analysis. In *Harris v. State,* 790 S.W.2d 568, 584, 586 (Tex.Crim.App.1989), the

court repeated that rule 81(b)(2) was the rhetorical and semantic equivalent of the harmless error standard announced by the Supreme Court for constitutional errors. The Court of Criminal Appeals also directed courts of appeal in applying the harmless error rule to focus on the integrity of the process leading to the conviction, not on the propriety of the trial outcome. *Harris*, 790 S.W.2d at 587. We are admonished to examine the source of the error, the nature of the error, whether the error was emphasized by the State, the collateral implications, the weight the jurors may have placed on the error, and whether the State would be encouraged by affirmance to repeat the error. *Id.*

What the jury failed to learn was that Daryl Gilbo, a material witness, was on deferred adjudication probation for the offense of burglary of a motor vehicle for five years, beginning in 1985. He stated that the prosecutor knew of his probation and that his probation officer knew he was testifying in the case. He asserted neither had offered to get him off the probation in exchange for any testimony, nor had he asked them to because he anticipated getting off as soon as he paid the probation fees.

From Gilbo's testimony, the jury could infer that appellant and Gilbo, at some time between 1983 and 1986, were both dating Overshoun and were intimate with her. Gilbo said it was possible that he had transmitted a venereal disease to Overshoun. He also said that she had told him that appellant blamed Gilbo when appellant allegedly contracted the venereal disease. Gilbo testified that he had exchanged bad words with appellant one night when appellant came to the house where Gilbo was staying. Gilbo and his cousins, one of whom had a gun, ran out of the house to confront appellant. Gilbo admitted he didn't like appellant.

There were three witnesses to Overshoun's abduction by appellant: Gilbo and her two children, Pam and Tanky. Only Gilbo testified that appellant pointed a gun at them. However, Gilbo and Pam testified that appellant pulled his truck in front of Gilbo's car, blocking him from further forward movement; that he pulled Overshoun out of the car and, gripping her arm behind her back, laid her across the hood of Gilbo's car; that Overshoun was frightened and calling for help; and that appellant threw Overshoun into his truck. Tanky did not remember appellant placing his mother over Gilbo's car, but otherwise his testimony was the same as Gilbo's and Pam's.

We find that the jury heard evidence showing that Gilbo was potentially biased against appellant and bore him ill will. The jury also heard evidence, from sources other than Gilbo, that could have led it to conclude appellant's blocking of Gilbo's car, forcibly pulling Overshoun out of the car and laying her across the hood, and throwing her in his truck was done with the intent to terrorize her, the element along with intent to abduct necessary to establish an aggravated kidnapping offense. As we discuss below, the jury could have based its verdict on the first paragraph of the indictment, which did not complain of the use of a firearm. Finally, nothing in the record, except the questions of defense counsel, even hints that the State offered Gilbo an early release from probation in exchange for his testimony. Therefore, we conclude the excluding of cross-examination of Gilbo about his probation, while error, did not affect the integrity of the process leading to appellant's conviction and did not contribute to appellant's conviction or punishment beyond a reasonable doubt.

We overrule appellant's first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. The judgment is affirmed.