Thomas Vasquez RODRIGUEZ,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0472–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

Sybil Carr, Houston, for appellant.

Winston Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before PRICE, WARREN and DOYLE, JJ.

OPINION

PRICE, Justice.

This is an appeal from a conviction for aggravated kidnapping with intent to terrorize. The trial court assessed life imprisonment after the jury found the habitual allegations in the indictment true.

In two grounds of error the appellant challenges the sufficiency of the evidence to sustain his conviction.

The indictment alleges, in pertinent part, that appellant:

"on or about March 27, 1981, did then and there unlawfully, intentionally and knowingly restrain Barbara Jean Moore, hereafter styled the complainant, by using and threatening to use deadly force with intent to prevent the liberation of the complainant and with intent to terrorize the complainant."

The elements required to be established by the evidence in order to sustain this conviction for aggravated kidnapping are:

(1) a person

(2) intentionally or knowingly

(3) abducts

(4) another person with intent to terrorize him

V.T.C.A. Penal Code, Section 20.04(a)(5). "Abduct," as defined in Section 20.01(2) is the restraint of a person "with intent to prevent his liberation by (B) using or threatening to use deadly force."

V.T.C.A. Penal Code, Section 20.01(1) defines "restrain" as follows: "Restrain means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is 'without consent' if it is accomplished by: (A) force, intimidation, or deception; . . ."

The appellant contends that there is insufficient evidence to show that he abducted the complainant or that he intended to terrorize her.

The State's evidence on guilt reveals that on March 27, 1981, Barbara Jean Moore, a seventeen year old high school student, got out of school and walked across the street to a church parking lot where her car was parked. When she opened the car door and rolled down the window, a man, whom she later identified as the appellant, jerked the door open and told her to scoot over. She refused. He kept telling her to scoot over or he would kill her. He had what appeared to be a carpet knife with a curved blade. Moore panicked, tried to shove him out and "just kept hollering no." The man put the knife to her neck, put his hand over her mouth and told her to shut up or he would kill her. The appellant got on top of Moore and tried to push her into the passenger seat. Moore testified that when she was screaming, she felt that he was trying to cut her. She bit him on the hand and tried to knock the knife away, and was severely cut on the thumb and slightly on the neck. She described how she was in fear of imminent bodily injury and death. She stated that she was "terrorized" during the struggle which lasted from two to four minutes.

Several other students testified that they observed the struggle and heard the complainant hollering and screaming for help. As they approached the car, appellant got out of the vehicle, straightened his clothes and hair, put a knife in his pocket and walked away.

After the appellant left the scene, the complainant stayed inside of her car with the windows rolled up and doors locked. She was crying and upset. She told one of the witnesses that he was trying to rape her.

The evidence, viewed in the light that most favorably supports the jury's verdict, demonstrates that appellant, in his effort to prevent Moore's liberation, presented her with the threat of deadly force by using a

hook-knife and threatened to kill her while she was confined in the car. The restraint involved was effected through the use of force and intimidation as appellant was on top of her trying to push her into the passenger seat.

Appellant's argument challenging the sufficiency of the evidence to prove "abduction," focuses attention on the definitional element of "restraint" that requires a person's movements to be restricted so as to "interfere substantially" with that person's liberty. In analyzing this element, appellant presents a lengthy historical discussion of the misapplication of kidnapping statutes in other jurisdictions. Other states have held that where the kidnapping is merely incidental to carrying out offenses such as rape or robbery, prosecution should pursue the intended offense, and not the kidnapping. The confinement and restraint must be sufficient enough in themselves to warrant an independent prosecution for kidnapping, and not the type that merges into and becomes a part of the elements of the intended crime. Consequently, many states require that an act of restraint, which is an element of abduction, be a lengthy detention or involve asportation of the victim over a considerable distance.

These states feel that an inherent inequity exists in permitting kidnapping prosecution of those who, in reality, commit lesser or different offenses of which temporary seizure, asportation or detention play an incidental part. The inequity, according to these decisions, is the injustice caused by the disparity in punishment allowing for greater punishment, such as life imprisonment or death, for kidnapping as opposed to some lesser punishment for the intended offense. Because the State determines which offenses are prosecuted, this inequity can be prevented only by restricting the prosecution of kidnapping cases.

In Texas, this disparity in punishment generally does not exist in cases involving kidnapping where abduction is merely incidental to the commission of other intended offenses such as rape or robbery. Aggravated kidnapping is oftentimes a lesser grade of felony than some forms of rape or robbery, as when the assailant voluntarily releases the kidnapped victim alive and in a safe place. Consequently, there is less chance for an abuse of discretion, than exists in other states, where the decision rests with an overzealous prosecutor. However, our State prosecutors are allowed a certain amount of discretion and sometimes criminal conduct requires pursuing a higher grade of felony where the facts support more than one offense.

In Texas, the legislature has mandated that our penal code statutes *not* be construed strictly, but according to the fair import of their terms in order to promote justice and protect the public safety. V.T. C.A. Penal Code, Sections 1.05(a) and 1.02. Thus, the elements of the kidnapping statute should be interpreted to cover all actions that come within the statutory language.

■ In considering whether Moore's liberty was interfered with "substantially," we must decide if the evidence of the two to four minute struggle inside of her automobile was sufficient to establish that element. The word "substantial" does not require any minimum length of time for which the victim must be restrained. This principle was applied in *Sanders v. State,* 605 S.W.2d 612 (Tex.Cr.App.1980), where the defendant questioned the sufficiency of the evidence to establish "abduction." The evidence revealed that a young boy was waiting inside of the family car for his father to return from the store. The defendant stole the automobile with the boy inside and was driving around for an hour before he was stopped and arrested. In holding that this was sufficient to show that the victim was abducted, the court reasoned that the definition of abduction does not require the victim to be held for any certain length of time.

In *Phillips v. State,* 597 S.W.2d 929 (Tex. Cr.App.1980), Phillips was giving two hitchhikers a ride home but decided, just before letting them out of his car, to restrain them at gunpoint and force them to commit fellatio on him. This temporary restraint was

sufficient to constitute the "restraint" proscribed by the statute.

In *Bowers v. State,* 570 S.W.2d 929 (Tex. Cr.App.1978), a 7–11 cashier was forced into an automobile by robbers leaving the scene of a robbery. A police car arrived at the scene, and after a short chase, apprehended the defendants. The court held that this conduct was sufficient to satisfy the definition of "restraint" of the cashier.

■ It is clear that our law imposes no minimal requirement for restraint other than that the interference with the victim's liberty be substantial. We hold that the evidence in the present case was sufficient to show that appellant abducted his victim. The intervening event of the approaching crowd, causing the appellant to abandon his ultimate plan and shortening the period of restraint and confinement to a few minutes, was not sufficient to allow him to escape the consequences of his conduct.

■ The appellant next contends that the State's evidence is insufficient to prove the allegation in the indictment that appellant abducted Moore with intent to "terrorize" her. He maintains that "terrorize" is a fear that is greater and stronger than the fear of imminent bodily injury or death. His argument is predicated on the fact that the definition of "abduct" in Section 20.-01(2)(B), V.T.C.A. Penal Code, requires that the restraint of a person be with intent to prevent liberation by "using or threatening to use deadly force." Unless "terrorize" means something more than fear, every abduction by use of deadly force or the threat of deadly force will automatically become aggravated kidnapping without regard to the aggravating factor. As authority for this proposition, appellant cites a federal case from Tennessee defining "terrorize" as a fear that reduces the victim to terror, an extreme fear or fear that agitates body and mind.

However, the authors of the Practice Commentary of the V.T.C.A. Penal Code, Section 20.04 address this problem:

Moreover, the definition of "abduct" in Section 20.01, which is an element of both kidnapping and aggravated kidnapping covers conduct that itself transforms Section 20.03 kidnapping into Section 20.03 aggravated kidnapping—for example, *restraint at gunpoint would no doubt terrorize the victim.* (emphasis added)

The Texas statute "Terroristic Threat[s]," V.T.C.A. Penal Code, Section 22.07(a)(2), provides that:

A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to: . . . (2) place any person in fear of imminent serious bodily injury . . .

*Webster's New Collegiate Dictionary* defines "terrorize" as: to fill with intense fear or to coerce by threat or violence.

In determining whether appellant intended to terrorize Moore, we look at his actions. One's acts are generally reliable circumstantial evidence of one's intent. It appears from his actions that appellant wanted to take control of the car to commit a crime, perhaps rape, either at the scene or elsewhere. Logic would suggest that he wanted to leave the scene so that detection would be less likely in a place other than a public parking area during daytime with witnesses present. Regardless, whether his intentions were to carry out his desires at the original location or elsewhere, his accomplishment depended on creating enough fear in Moore to overcome her resistance. Appellant's actions in pinning Moore down in the seat and threatening to kill her while pressing the knife against her neck were an attempt to accomplish his intention. As a result, after the appellant abandoned his plan and left, Moore locked herself inside of her car. She was screaming and crying, and refused to open the door for her friends who rescued her.

The fear of anticipated infliction of imminent bodily injury or death caused by the attack was sufficient to indicate that appellant intended to terrorize Moore after she was abducted.

The judgment is affirmed.