**Acey HOLMES, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–93–147–CR.**

Court of Appeals of Texas, Fort Worth.

March 23, 1994.

Anthony Lyons, Dallas, for appellant.

Tim Curry, Dist. Atty., Betty Marshall and Chuck Mallin, John A. Stride, V. Paul Dickson, and Christy Jack, Assistants, Fort Worth, for State.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

The trial court convicted Acey Holmes of aggravated kidnapping and assessed his punishment, enhanced by two prior felony convictions, at life imprisonment. *See* Tex.Pe-

NAL CODE ANN. § 20.04(a)(4) (Vernon 1989). In his sole point of error, Holmes contends the evidence is insufficient to sustain his conviction because there is no evidence he confined the victim as alleged in the indictment. Because the judge could have found, beyond a reasonable doubt, that Holmes confined his victim, we overrule his point and affirm his conviction.

On April 8, 1990, at approximately 5:00 A.M., Holmes approached V.K., an employee of Skaggs Alpha Beta grocery store (Skaggs), after she parked her car in the store lot and while she was walking toward the store. Holmes confronted her, with a hand in his pocket, threatening, "I'll blow your head off if you don't get back in the car." When V.K. did not respond to this threat, Holmes grabbed her clothing around her neck and pushed her back towards the car, eventually thrusting her up against it. With V.K. backed up against the car, Holmes demanded that she open the car door. V.K. refused; and Holmes, in a rage, pinned her against the driver's door and struck her in the face several times. After the third strike, V.K. fell to the ground. When V.K. realized she was free of Holmes' grip, she began screaming, scrambled to her feet, and ran into Skaggs.

In point of error one, Holmes contends the State failed to prove the crime as alleged; and consequently, the evidence is insufficient to sustain his conviction. Because there is no variance between the pleading and the proof, no error exists.

■ If a variance exists between the allegations and the proof, it may render the evidence insufficient to sustain the conviction. *Wray v. State*, 711 S.W.2d 631, 633 (Tex.Crim.App.1986). However, allegations which are not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage. *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Crim.App. 1975). But where the unnecessary matter pled is descriptive of that which is legally essential to charge a crime then the unnecessary pleading must be proven as alleged. *Id.*

■ To charge the offense of aggravated kidnapping, it is legally essential to allege that the defendant intentionally or knowingly abducted the victim with the intent to inflict bodily injury upon her. *See* TEX.PENAL CODE ANN. § 20.04(a)(4) (Vernon 1989); *Ham v. State*, 855 S.W.2d 231, 232 (Tex.App.—Fort Worth 1993, no pet.). To charge Holmes with aggravated kidnapping, the State alleged he:

> [W]ith the intent to violate and abuse sexually, [V.K.] did then and there intentionally and knowingly abduct [V.K.] by restricting the movements of said [V.K.] without her consent, so as to interfere substantially with her liberty, *by confining her*, with the intent to prevent her liberation by using and threatening to use deadly force, namely: A deadly weapon, to-wit: A firearm. [Emphasis added.]

Holmes claims that by including the manner by which he restricted V.K.'s movements, *by confining her*, the State obliged itself to prove that matter. The validity of this claim depends upon whether the phrase, *by confining her*, is descriptive of an essential element of the crime.

■ The essential elements of aggravated kidnapping are: (1) a person; (2) intentionally or knowingly; (3) abducts; (4) another person with the intent to inflict bodily injury on her or to violate or abuse her sexually. *See* TEX.PENAL CODE ANN. § 20.04(a)(4) (Vernon 1989). Of these elements, the only one the phrase, *by confining her*, can possibly be descriptive of is number (3).

■ To determine whether the phrase is so descriptive, we must examine the element and the phrase in relation to it. "Abduct" means to "restrain" a person with the intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found, or using or threatening to use deadly force. *See* TEX.PENAL CODE ANN. § 20.-01(2)(A), (B) (Vernon 1989). "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or *by confining him*. *Id.* at 20.01(1). After reviewing these definitions and the charge, it is evident the State alleged confinement as the mode of restraint constituting abduction. While confinement itself is

not an essential allegation, it is descriptive and explanatory of the essential element: abduction. Therefore, by including the phrase, *by confining her*, in the indictment, the State obliged itself to prove Holmes confined V.K.

To determine whether the State met its burden, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found Holmes confined his victim beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). To make this determination, we must first discern the meaning of confining. Confining is not defined in the Penal Code or by case law; thus, we use its common meaning when reviewing the evidence. *See King v. State*, 553 S.W.2d 105, 107 (Tex.Crim.App.1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978).

Confining is the action of the verb confine which means, "to shut up, imprison, immure, put or keep in detention, to relegate to certain limits." Oxford English Dictionary 805–06 (24th ed. 1983). After reviewing the record in the light most favorable to the verdict and considering the meaning of confining, we hold evidence showing the victim was trapped between Holmes and her car is sufficient to establish confinement and to sustain his conviction. Point of error one is overruled.

The judgment is affirmed.