NUMBER
13-01-451-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

JAIME GUERRA,                                                                   Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                         On
appeal from the 94th District Court

                                  of Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Jaime Guerra, was charged with the felony offense of
aggravated kidnapping.  After Gallegos
pled not guilty and waived a jury trial, the trial court found Gallegos guilty,
and sentenced him to life in prison.  By
one point of error, Guerra contends the trial court erred in holding the
evidence legally sufficient to prove the offense of aggravated kidnapping as
alleged in the indictment.  We affirm.

I.  FACTS

While A.C., a thirteen year old girl, walked to school, Guerra
approached her holding a baby rabbit. 
Guerra spoke to A.C. about the rabbit and asked if she would like to
come into his house to see the Amother@ rabbit.  A.C. agreed and followed Guerra into the
house.  Guerra led A.C. into his bedroom,
but she became frightened and said she had to leave. Guerra told A.C. that she
did not have to leave and pushed her onto the bed.  A.C. kicked Guerra, but he held her feet and
looked under her skirt.  A.C. continued
to struggle with Guerra until he finally backed away and apologized.  A.C. then retreated from the room and left
the house. 

II. 
STANDARD OF REVIEW

When reviewing the legal sufficiency of the evidence, we view
the evidence in the light most favorable to the conviction and determine
whether any rational trier of fact could have found the essential elements of a
crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Young
v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000).

III. 
ANALYSIS








By his sole point of error, Guerra contends the trial court
erred in sustaining a conviction because the evidence was legally insufficient
to prove all essential elements of the offense. 
Guerra was indicted under section 20.04 of the Texas Penal Code, which
provides: a person commits an offense if he intentionally or knowingly abducts
another person with the intent to violate or abuse sexually.  Tex. Pen. Code Ann. ' 20.04 (Vernon
1996 & Supp. 2002); Holmes v State, 873 S.W.2d 123, 125 (Tex. App.BFort Worth
1994, no pet.).  According to section
20.01, Aabduct@ means to
restrain a person with intent to prevent her liberation by secreting or holding
her in a place where she is not likely to be found.  Tex.
Pen. Code Ann. ' 20.01(2)(A)
(Vernon 1996 & Supp. 2002); Holmes, 873 S.W.2d at 125.  ARestrain@ means to
restrict a persons movement so as to interfere
substantially with her liberty, by moving her from one place to another, or by
confining her.  Tex. Pen. Code Ann. ' 20.01(1) (Vernon 1996 & Supp. 2002).

Although there is no time requirement for Arestraint,@ the
interference with the person=s liberty must
be substantial.  See Rogers v. State,
687 S.W.2d 337, 342 (Tex. Crim. App. 1985).  Therefore, temporary restraint, if
substantial, is sufficient to constitute Arestraint@ for an
aggravated kidnapping offense.  See
id.; see also Santellan v. State, 939 S.W.2d 155, 163 (Tex. Crim.
App. 1997); Cortez v. State, 738 S.W.2d 372, 374 (Tex. App.BCorpus Christi
1987, no pet.); Rodriguez v. State, 646 S.W.2d 524, 526 (Tex. App.BHouston [1st
Dist. ] 1982, no pet.).  In this case,
Guerra confined A.C. to the bedroom by holding her feet.  Even though Guerra held A.C. for less than
two minutes, this substantial restriction of her liberty satisfies the
restraint element of the offense.  See Rodriguez,
646 S.W.2d at 527. 
Moreover, Guerra held A.C. in a place where she was not likely to be
found.  See Price v. State, 35
S.W.3d 136, 140 (Tex. App.BWaco 2000, pet.
ref=d).








Guerra contends that his temporary detention of A.C. did not
result in substantial interference with her liberty.  See Tex.
Pen. Code Ann. '' 20.01(1), (2).  However, this contention is invalid based on
a recent court of criminal appeals=s case which
held that confinement, even if temporary or part of another crime, constitutes
substantial interference with a person=s liberty, an
element of an aggravated kidnapping offense. 
See Hines v. State, No. 1026-01, 2002 Tex. Crim. App. LEXIS 106,
*7-*10 (May 22, 2002); see also Megas v. State, 68 S.W.3d 234 (Tex. App.BHouston
[1st  Dist.] 2002, no pet.).  In this case, Guerra led A.C. into his bedroom
and held her legs in a position where she could not escape.  The evidence sufficiently supports the
conclusion that Guerra substantially interfered with her liberty. See Hines,
2002 Tex. Crim. App. LEXIS 106, at *7-*9.

Viewing the evidence in the light most favorable to the
conviction, a reasonable jury could have found the elements of aggravated
kidnapping beyond a reasonable doubt.  See Jackson,  443
U.S. at 318-19.  Therefore, Guerra=s sole point of
error is overruled.

Accordingly, the trial court=s judgment is affirmed. 

NELDA
V. RODRIGUEZ

Justice

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 27th day of June,
2002.