Opinion issued November 19, 2009














 

 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00208-CR

____________


SHAMSHER MEDIH CHISTI, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 149th Judicial District Court of

Brazoria County, Texas

Trial Court Cause No. 54249






MEMORANDUM OPINION


 A jury convicted appellant, Shamsher Medih Chisti, of aggravated kidnapping
and the trial court assessed punishment at twenty years' confinement. 

 In his first issue on appeal, appellant contends that the evidence was legally
insufficient to prove that he was guilty of the offense of aggravated kidnapping. In
his second and third issues, appellant complaints the trial court erred in admitting
documents purporting to be his Indian passport and an identification card issued by
the Indian Aviation Authority because the documents were not properly
authenticated.

 We affirm.

FACTS


 Appellant and Kiran Wilwerding ("Wilwerding") were married in India in
1997. Within months, they moved to the United States and had a son, Suhail. In
May 2006, Wilwerding filed a petition for divorce and received managing
conservatorship of Suhail. Appellant attended all but the last of the divorce hearings
and, prior to the signing of the decree, returned to India where Suhail was visiting
appellant's family. Appellant then refused to return Suhail to Wilwerding, so
Wilwerding went to India and lived with appellant for a month, telling him not to
worry about the divorce. Then, while appellant was at work, Wilwerding took Suhail
and returned to the United States. 

 Appellant became very angry and phoned Wilwerding numerous times. 
Appellant told Wilwerding that he was going to come to the United States, kill her,
and take Suhail back to India. Wilwerding changed her phone number and filed a
report with the Pearland Police Department. 

 On May 20, 2007, Wilwerding left her apartment in Pearland around 10:00
p.m. to go to work. As she was getting into her car, appellant approached her from
behind. Appellant placed his hand over Wilwerding's face and used chloroform to
render her unconscious. Before Wilwerding passed out, she struggled to get free,
pleaded for help, kicked the windshield, and attempted to activate the OnStar in her
car. 

 After rendering Wilwerding unconscious, appellant bound her wrists, legs,
ankles, and mouth with duct tape and placed her on the floorboard of her car with her
torso slumped over the passenger seat. Appellant then drove her car across the street
from the apartment complex to a shopping center parking lot. Law enforcement
apprehended appellant in the parking lot after receiving a phone call from
Wilwerding's neighbor, who witnessed the incident. 

 Wilwerding woke up in an ambulance soon after appellant's arrest with burn
marks on her face from the chloroform. A search of appellant's vehicle yielded what
purported to be Indian passports for both appellant and Suhail, duct tape, chloroform,
a card bearing appellant's name apparently issued by the Indian Aviation Authority,
and a suitcase containing a child's clothing. In a statement to police, appellant
explained that he came to the United States to take his son back to India. Appellant
admitted he used chloroform to render Wilwerding unconscious and that he tied her
up with duct tape, but stated that he did not intend to hurt her. 

SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant challenges the legal sufficiency of the evidence. 
The standard of review for legal sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). The standard is the same for direct and
circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.
1995).

In reviewing for legal sufficiency, we do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this is the function of the
trier of fact. See Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). Instead, our duty is
to determine whether both the explicit and implicit findings of the trier of fact are
rational by viewing all the evidence admitted at trial in the light most favorable to the
verdict. See Adelman, 828 S.W.2d at 422. In conducting our review, we resolve any
inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d at 843. 
Because the jury is in the best position to determine reliability of available testimony
and evidence, we must defer to assessments by the jury that depend on credibility
determinations. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).

Under the law applicable to this case, there are six possible aggravating factors,
each of which raise kidnapping to the level of aggravated kidnapping based on either
the intent with which the kidnapping was committed or the manner in which it was
carried out. Tex. Penal Code Ann. § 20.04 (Vernon 2003). The indictment alleged
two of these aggravating factors. First, the State sought to prove that appellant
kidnapped Wilwerding with the intent to terrorize her. See Tex. Penal Code Ann.
§ 20.04(a)(5) (Vernon 2003). Second, the State also sought to prove that appellant
kidnapped Wilwerding to facilitate the commission of a felony, to-wit: the kidnapping
of Suhail. See Tex. Penal Code Ann. § 20.04(a)(3) (Vernon 2003). 

Appellant contends first that there was no evidence of his intent to terrorize
Wilwerding because he rendered her unconscious almost immediately, he did not
threaten her during the altercation, and his only intent was to return Suhail to India. 
Appellant also claims that the evidence was legally insufficient to prove his intent to
facilitate the kidnapping of Suhail because there is nothing in the record to indicate
that Suhail would not have wanted to go with his father and because Wilwerding
never told appellant that she was managing conservator of Suhail. Intent to Terrorize

 In determining whether appellant intended to terrorize Wilwerding, we look at
his actions, for one's acts are generally reliable circumstantial evidence of one's
intent. Rodriguez v. State, 646 S.W.2d 524, 527 (Tex. App.--Houston [1st Dist.]
1982, no pet.); see also Rogers v. State, 687 S.W.2d 337, 342 (Tex. Crim. App. 1985). 
To terrorize is defined as "to fill with intense fear or to coerce by threat or force." 
Rogers, 687 S.W.2d at 341 (citing Rodriquez, 646 S.W.2d at 527). 

 In Rodriguez, this Court deemed the appellant's actions in pinning the victim
down in a car seat and threatening to kill her while pressing a knife against her neck
sufficient to prove his intent to terrorize. 646 S.W.2d at 527. The fear of anticipated
infliction of imminent bodily injury caused by the attack was sufficient to indicate the
appellant's intent to terrorize the victim after she was abducted. Id. 

 In Paley v. State, 811 S.W.2d 226, 230 (Tex. App.--Houston [1st Dist.] 1991,
pet. ref'd), this Court held that the jury could infer intent to terrorize from testimony
about the manner in which the appellant blocked the victim's car with his truck,
forcibly pulled her out of her car, laid her across the hood, and then threw her into his
truck.

 In Rogers, the Court of Criminal Appeals stated that no magic words nor
incantations are necessary to establish terror. 687 S.W.2d at 342. The appellant's
previous threats coupled with the circumstantial proof of the victim's abduction were
sufficient to infer an intent to terrorize. Id.

 In light of these holdings, and viewing the evidence in a light most favorable
to the verdict, we conclude that appellant's actions during the kidnapping provided
circumstantial evidence of his intent to terrorize Wilwerding. Specifically,
appellant's acts of attacking Wilwerding from behind, physically struggling with her,
rendering her unconscious with chloroform, and duct taping her limbs and mouth,
illustrate this intent. Moreover, Wilwerding testified that appellant expressed on
multiple occasions an intent to kill her and take Suhail with him back to India. 

 From these facts, a rational jury could have found beyond a reasonable doubt
that appellant acted with intent to terrorize Wilwerding. While appellant's primary
objective may have been simply to take back his son, a rational jury could have found
that he also intended to carry out his threat to kill Wilwerding. Although appellant
was apprehended before Wilwerding regained consciousness, the fact that appellant
bound her and had threatened her life provide sufficient evidence to support a finding
of intent to terrorize. Moreover, the State was only required to prove that appellant
abducted Wilwerding with the intent to commit an aggravating element--not that
appellant could, or did, actually accomplish this purpose. See Laster v. State, 275
S.W.3d 512, 522-24 (Tex. Crim. App. 2009) (holding evidence of attempted
aggravated kidnapping legally sufficient where defendant formed intent to take victim
when he grabbed her, caused her physical pain when touching her, and let go because
he feared that he may be caught).

 For these reasons, the evidence was legally sufficient to support the jury's
finding that the appellant committed aggravated kidnapping under the first
aggravating factor listed in the indictment. In light of this holding, we do not
consider whether there was sufficient evidence to prove appellant committed
aggravated kidnapping under the indictment's second aggravating factor. 
Accordingly, we overrule the appellant's first issue.

ADMISSION OF UNAUTHENTICATED DOCUMENTS

 In his second and third points of error, appellant contends that the trial court
abused its discretion by admitting State's Exhibits 45 and 46B because they were not
properly authenticated. State's Exhibit 45 purports to be appellant's Indian passport
and 46B purports to be an identification card issued by the Indian Aviation Authority
showing appellant to be an employee at the international airport in Bombay. Both
forms of identification were found in appellant's car when he was apprehended by
police. 

 Assuming that appellant is correct in asserting that the documents were not
properly authenticated and that the trial court abused its discretion in admitting them,
appellant does not show, nor can we find, any harm caused by their admission. Under
Rule of Appellate Procedure 44.2(b), error is harmless unless it "had a substantial and
injurious effect or influence in determining the jury's verdict." Herndandez v. State,
176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (citing King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997)). Where other uncontroverted evidence proves the same
facts sought to be proven by the unauthenticated evidence, the error is harmless. See
Burks v. State, 876 S.W.2d 877, 898 (Tex. Crim. App. 1994), see also Williams v.
State, 916 S.W.2d 53, 56 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 It is uncontested in the instant case that appellant is a citizen of India and that
he worked at the international airport in Bombay. Wilwerding's testimony revealed
that appellant and Wilwerding got married in India and that appellant worked as a
security officer for the international airport in Bombay. Appellant did not present any
evidence to contradict this testimony. Therefore, the authenticity of the passport and
identification card could not have substantially or injuriously impacted the jury when
the uncontroverted testimony of Wilwerding sought to prove the same fact.

 Accordingly, we overrule appellant's second and third issues.

CONCLUSION


 We affirm the judgment of the trial court. 

 



 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.



Do not publish. Tex. R. App. P. 47.2(b)