Affirmed and Memorandum Opinion
filed January 21, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-08-01059-CR



John C. Philip, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the County Criminal Court at Law No. 12

Harris County, Texas

Trial Court
Cause No. 1494851



 

MEMORANDUM OPINION 

A jury convicted appellant John C. Philip of assault
of a family member.  The trial court sentenced him to one year confinement, suspended
his sentence, and placed him on community supervision for a year.  In two
issues, appellant challenges the legal and factual sufficiency of the evidence
to support his conviction.  In a third issue, appellant asserts that the trial
court reversibly erred by admitting evidence of prior acts of misconduct.  We
affirm.

Background

In December 2007, appellant and his wife, Valsamma,
were driving home from a church service in Pearland when they got into an
argument about their children.  Appellant was driving the car.  During the
argument, Valsamma shook her finger at appellant.  The parties agree that
appellant hit Valsamma in the mouth; however, appellant asserts that the blow
occurred accidentally as he was attempting to move her hand away from his face
so that he could see the road.  The blow to Valsamma’s mouth caused bleeding
and pain.  Appellant also struck Valsamma on her hand, causing a bruise.  When
appellant and Valsamma arrived home, she went upstairs and iced her mouth for
several hours.

Valsamma called her adult daughter, Tina, when she
got home to let Tina know that she would not be attending a planned luncheon
with her children because appellant had hit her on her lips.  A few hours
later, the Philip’s adult children, Tina, Togy, and Tony, came to the Philip’s
home to check on Valsamma.  Tina found her mother upstairs “curled up on the
bed” with ice on her mouth.  After seeing her mother’s condition, Tina called
the police.  Meanwhile, Togy confronted appellant about what he had done to his
mother.  Appellant and Togy got into a struggle.

Shortly thereafter, Harris County Sheriff’s Deputy
Henry Williams arrived in response to Tina’s 911 call.  Deputy Williams asked
appellant if he had hit Valsamma, and appellant replied “yes.”  Deputy Williams
arrested appellant.  Valsamma obtained an emergency protective order and moved
to Dallas with her children.  She returned to Houston a few weeks later to meet
with a social worker at the Harris County District Attorney’s Office and to
apply for a more permanent protective order.  Valsamma did not speak with
appellant again until about five months after the incident.

At trial, Valsamma described the incident to the
jury.  She testified that she first believed that appellant intentionally hit
her, but after speaking with appellant several months later, she came to
believe that appellant accidentally struck her.  She also stated that appellant
had never been physically violent with her; however, she later testified that
when she applied for the protective order with the District Attorney’s Office,
she indicated that appellant had previously pushed, pulled, shoved, confined,
and verbally abused her in front of their children.  She clarified that most of
these incidents occurred over thirty years ago.

Deputy Williams described his interaction with
appellant.  He also testified that Valsamma appeared shaken up and emotional.  In
addition, both Tina and Togy confirmed that appellant admitted to Deputy
Williams that he had hit Valsamma.  They also testified that they did not have
a good relationship with their father.  Togy described the altercation between
himself and appellant that occurred when he arrived at the house the evening
the incident occurred.  Togy also testified that when Valsamma attempted to
intervene in the dispute, appellant “tried to attack” her and had to be
physically restrained.

Appellant testified and agreed that he struck
Valsamma in the face during their argument in the car.  He claimed that it was
an accident that occurred when he was trying to push Valsamma’s hand away from
his face so that he could drive safely.  He also testified that when his
children arrived, they were angry; he also described the incident with his son
Togy and testified that Togy had struck him in the shoulder and knocked him to
the ground.  He stated that Togy and others kicked and hit him when he was on
the ground.  He further testified that Deputy Williams never asked him if he
hit his wife, nor did he tell the deputy that he had hit her.  He explained
that the incidents Valsamma had described involving pushing, grabbing, and
confining her were accidents as well.  Appellant also testified that his
children each demanded $100,000 or they would testify against him at his trial.

After hearing the evidence, the jury found appellant
guilty of assault of a family member.  The trial court sentenced appellant to
one year confinement, suspended the sentence, and placed him on community
supervision for a year.  This appeal timely ensued. 

Analysis

A.        Sufficiency of
the Evidence

            In his first two
issues, appellant challenges the legal and factual sufficiency of the evidence
to show that he intentionally or knowingly struck the complainant with his
hand.  A person commits assault if he intentionally, knowingly, or recklessly[1] causes
bodily injury to another, including the person’s spouse.  Tex. Penal Code Ann. § 22.01(a).  Because
appellant has challenged only the sufficiency of the evidence relating to
intent, we likewise limit our review to this element of the offense.

1.      Standard
of Review

In evaluating the legal sufficiency of the evidence,
we must view the evidence in the light most favorable to the prosecution and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002).  Although we consider all evidence presented at trial, we may not
re-weigh the evidence and substitute our judgment for that of the jury.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony, and it is the exclusive province of the jury to reconcile
conflicts in the evidence.  Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996).  We must resolve any inconsistencies in the testimony in
favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim.
App. 2000).  On appeal, the same standard of review is used for both
circumstantial and direct evidence cases.  Hooper v. State, 214 S.W.3d
9, 13 (Tex. Crim. App. 2007).  

When conducting a factual-sufficiency review, on the
other hand, we view all of the evidence in a neutral light.  See Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  We may set the verdict aside only if
(1) the evidence is so weak that the verdict is clearly wrong and manifestly
unjust, or (2) the verdict is against the great weight and preponderance of the
evidence.  Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006)
(citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  However,
while we may disagree with the jury’s conclusions, we must exercise appropriate
deference to avoid substituting our judgment for that of the jury, particularly
in matters of credibility. Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim.
App. 2005); see also Watson, 204 S.W.3d at 414 (stating that a court
should not reverse a verdict it disagrees with unless it represents a manifest
injustice even though supported by legally sufficient evidence). 

2.      Intent

Assault is a result-of-conduct crime; to be guilty of
assault, the actor must have intended the result of his conduct rather than
simply the conduct itself.  Landrian v. State, 268 S.W.3d 532, 536 (Tex.
Crim. App. 2008).  As is relevant here, a person acts intentionally when it is
his conscious object or desire to cause the result.  See Tex. Penal Code Ann. § 6.03(a) (Vernon
2007).   A person acts knowingly, or with knowledge, when he is aware that his
conduct is reasonably certain to cause the result.  Id. § 6.03(b).  Intent is a fact question that
must be determined by the jury.  Brown v. State, 122 S.W.3d 794, 800
(Tex. Crim. App. 2003).  Intent must generally be inferred from the
circumstantial evidence surrounding an incident, including the acts, words, and
conduct of the accused.  Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim.
App. 2004).  Finally, “[o]ne’s acts are generally reliable circumstantial
evidence of one’s intent[.]”  Laster v. State, 275 S.W.3d 512, 524 (Tex.
Crim. App. 2009) (quoting Rodriguez v. State, 646 S.W.2d 524, 527 (Tex.
App.—Houston [1st Dist.] 1982, no pet.)).

3.     
Application

Here, there is no dispute that appellant and Valsamma
were arguing when appellant struck her in the mouth.  Appellant asserts that he
accidentally hit her when he was trying to push her hand out of his face.  But
appellant struck Valsamma with such force that pain radiated into her teeth and
her mouth bled; her injuries were still visible several hours after the
assault.  In addition, Valsamma testified that, at the time the incident
occurred, she believed that appellant struck her intentionally.  Deputy
Williams testified that appellant admitted hitting Valsamma; both Tina and Togy
confirmed that they heard appellant admit to Deputy Williams that he had hit
their mother.  

Valsamma also testified to several incidents in the
past in which appellant had behaved violently toward her.  Appellant admitted
that these past incidents had occurred, but stated that they were accidental,
as well.  Appellant further testified that a woman must “obey” her husband and
that if she does not, a husband may “[g]ive some punishment.”

The State presented uncontroverted evidence regarding
the nature of Valsamma’s injuries.  Valsamma had a busted and bleeding lip and
a bruise on her hand.  At the time of the incident, she consistently told
others that appellant had assaulted her.  She immediately applied for an
emergency protective order and then applied for an extended protective order
lasting several months longer.  She moved out of her home in Houston to live
with her children in Dallas immediately after the incident and had no contact
with appellant for several months.  

Although at the time of appellant’s trial he and
Valsamma had reconciled and she testified that she no longer believed appellant
hit her intentionally, the jury could have reasonably inferred from the descriptions
of the incident and the nature of Valsamma’s injuries that appellant swung his
hand at Valsamma with the intention of injuring her or with knowledge that an
injury was reasonably certain to occur.  See Tex. Penal Code Ann. § 22.01(a); see also Dobbins v. State,
228 S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.] 2007, pet. dism’d) (noting
that jury may infer existence of mental state from acts, words, and conduct of
the accused).   Despite Valsamma and appellant’s testimony that appellant
accidentally hit Valsamma, we must resolve conflicts in the testimony in favor
of the jury’s verdict.  See Curry, 30 S.W.3d at 406; Jones, 944
S.W.2d at 647.  Further, the jury is free to accept or reject any or all of the
evidence presented by any witness.  See Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000).  Appellant’s actions, coupled with the nature
of the wounds he inflicted on Valsamma, provide a sufficient basis from which
the jury could infer that he intended to cause bodily injury to Valsamma.  See
Laster, 275 S.W.3d at 524.  

In sum, viewing this evidence in the light most
favorable to the verdict, we conclude that a rational trier of fact could have
found that appellant intentionally or knowingly assaulted Valsamma.  Further,
viewing all the evidence in a neutral light, we cannot say that the jury’s
verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust, nor is the verdict against the great weight and
preponderance of the evidence.  We therefore overrule appellant’s first and
second issues.

B.        Admission of
Prior Acts of Appellant’s Misconduct

            In his third and
final issue, appellant contends that the trial court reversibly erred by
overruling his Rule 403[2]
objection to evidence demonstrating prior acts of misconduct.

1.      Standard
of Review

Because trial courts are in the best position to decide
questions of substantive admissibility of evidence, an appellate court must
review a trial court’s admissibility decision under an abuse-of-discretion
standard.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001); see
also Montgomery v. State, 810 S.W.2d 372, 391(Tex. Crim. App. 1990)
(stating trial court “has the best vantage from which to decide” admissibility
questions).  A trial court abuses its discretion when it acts without reference
to any guiding rules and principles or acts arbitrarily or unreasonably. See
Montgomery, 810 S.W.2d at 380.  This standard requires an appellate court
to uphold a trial court’s admissibility decision when that decision is within
the zone of reasonable disagreement.  Id. 

In addition, to preserve error for appellate review,
the complaining party must make a timely, specific objection that the trial
court refuses.  Tex. R. Evid.
103; Tex. R. App. P. 33.1(a); Young
v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (en banc).  Ordinarily,
an objection is required every time inadmissible evidence is presented.  Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  Error in allowing
inadmissible evidence is cured when the same evidence is admitted without
objection elsewhere.  Id.

2.      Application

Appellant asserts that the trial court erred in
admitting testimony from Valsamma that appellant had, in the past, pushed,
pulled, shoved, confined, and verbally abused her.  He contends that this testimony
was erroneously admitted into evidence over his Rule 403 objection because it
was “more prejudicial than probative.”

However, this same evidence—that appellant had
previously pushed, pulled, shoved, confined, and verbally abused Valsamma—was
introduced without objection through his own testimony.  During
cross-examination, appellant conceded that he had previously pushed, shoved,
grabbed, and confined Valsamma, although he stated most of these incidents were
accidents.  In fact, he admitted that he had pushed her many times in the past,
that he had shoved her several times because she did not obey him, and that he
had grabbed her in the past.  He also stated that he had confined her a few
times in the thirty-five years that they had been married.  No objections were
made to any of this testimony.  

Under these circumstances, any error the trial court
may have made in admitting Valsamma’s testimony was cured.  See id.  Thus,
we overrule appellant’s third issue.

Conclusion

We affirm the trial court’s
judgment.

 

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Justice

 

Panel consists of Justices Anderson and
Boyce and Senior Justice Mirabal.*

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Neither the indictment nor the jury charge in this case included the mental
state “reckless.”





[2]
Texas Rule of Evidence 403 provides that relevant evidence may be excluded if
its “probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury. . . .”  Tex. R. Evid.403.





* Senior Justice Margaret Garner Mirabal
sitting by assignment.