**AFFIRM; and Opinion Filed August 1, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-12-01164-CR**
_____

**ROLANDO MARIO CASTRO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-82255-2011**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice Lewis

A jury found appellant Rolando Mario Castro guilty of harassment of a public servant. The trial court assessed his punishment at two years' confinement, suspended in favor of five years' community supervision, and a $2500 fine. In a single issue on appeal, Castro challenges the sufficiency of the evidence supporting the jury's finding of guilt. Because the issues in this appeal involve the application of well-settled principles of law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4. We affirm the trial court's judgment.

Police encountered Castro when responding to a disturbance call the evening of July 4, 2011. Castro had become intoxicated and belligerent at a holiday party, and the homeowner had called police to assist him and his other guests in persuading Castro to leave. The police initially waited with Castro for the cab called by the homeowner. But Castro's belligerence escalated, and the cab that arrived was an ordinary rental car rather than a cab equipped with security

measures for its elderly female driver. For safety reasons, the police decided to arrest Castro for public intoxication and disorderly conduct. He was handcuffed and placed in the back of Officer Angela Reed's patrol car. Reed was accompanied that day by a volunteer from Citizens on Patrol, Eddie Mullins. Because of holiday traffic, the ride to the police station was slow. During the entire ride, Castro spewed vulgar sexual and racial invective at Reed and Mullins. He screamed and threatened; he called names and shouted insults. Castro's verbal behavior was documented by the police car's recorder from the time Reed's car arrived at the scene of the party until Castro was finally delivered to the police station. The recording lasts for approximately one hour and twenty minutes, and Castro's verbal abuse continued nearly non-stop throughout that period of time. Shortly before the three arrived at the station, when the car was stopped at a traffic light, Castro spat from the back seat, through the grill divider, into the front seat. Reed and Mullins both reported that Castro's saliva landed upon them.

Castro was charged with harassment of a public servant. The trial court instructed the jury:

> Our law provides that a person commits the offense of Harassment of a Public Servant if, with the intent to assault, harass, or alarm the person, [he] causes a person the actor knows to be a public servant to contact the saliva of the actor, while the public servant is lawfully discharging an official duty or on account of an exercise of the public servant's official power or performance of an official duty.

See TEX. PENAL CODE ANN. § 22.11(a)(2) (West 2011). The jury found Castro guilty. In his single appellate issue, Castro contends the evidence is insufficient to support the jury's finding of guilt beyond a reasonable doubt. Specifically, Castro contends the evidence is insufficient to establish the element of intent, both in terms of Castro's intent to cause his saliva to contact Reed and in terms of his intent to assault, harass, or alarm Reed.

We determine whether the evidence is legally sufficient to support a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012). We defer to the jury, as trier of fact, to resolve any conflicts in testimony and to weigh the evidence and draw reasonable inferences from it. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). "[I]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). Indeed, intent is most often proven through the circumstantial evidence surrounding the crime. *Sholars v. State*, 312 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

Again, we view the evidence in the light most favorable to the prosecution. Reed testified that Castro spat twice. The first time, the saliva hit Mullins in the back of the head and Reed on her arm; the second time, it made contact in "[j]ust about the same spot." Mullins testified that he felt Castro's saliva on his ear and neck, and then on his shirt collar. He characterized the volume of saliva as "a lot of spit," and he confirmed the statement he made immediately after the incident, which reported that Castro's saliva hit both Reed and him. "[O]ne's acts are generally reliable circumstantial evidence of one's intent." *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009) (quoting *Rodriguez v. State*, 646 S.W.2d 524, 527 (Tex. App.—Houston [1st Dist.] 1982, no pet.); *see also Smith v. State*, No. 09-09-00084-CR, 2010 WL 1236410, at *3 (Tex. App.—Beaumont Mar. 31, 2010, no pet.) (mem. op., not designated for publication). Both Reed and Mullins testified they were certain Castro intended to spit at them, based upon Castro's verbal abusiveness, the fact that he spat twice, and his apparent unhappiness with his circumstances at that point in time. Indeed, Castro's conduct and demeanor support an inference that Castro intended the saliva to contact both persons in the front seat. *See Smith*, 2010 WL 1236410, at *3 (jury could rationally believe officer truthfully stated

defendant spit in officer's face and could rationally infer from defendant's belligerence that he intended his saliva to come into contact with officer).

A jury may also infer intent from the words of a defendant. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). In this case, the jury could have inferred Castro's hostility toward Reed in particular after listening to the recording of the vulgar, insulting remarks he directed toward her throughout the time they were in contact. Castro repeatedly used words intended to wound, including demeaning sexual terms. Given the hostility Castro's words conveyed specifically to Reed, the jury could have inferred that the reason he spat was to harass, alarm, or assault her.

Castro concedes that the State may well have proved beyond a reasonable doubt that he was "the most annoying intoxicated person" in Reed's and Mullins's experience. He acknowledges the record establishes he was "a drunken fool." However, Castro uses these concessions as the basis for an argument that proof of his intoxication "necessarily impeded [the State's] ability to prove the specific intent" required by the offense of harassment of a public servant. We disagree. Voluntary intoxication is not a defense to the commission of crime. TEX. PENAL CODE ANN. § 8.04(a). Although Chase tries to distinguish his argument from this rule, he cannot. Evidence of Chase's intoxication does not negate the element of intent. *See Hawkins v. State*, 605 S.W.2d 586, 589 (Tex. Crim. App. 1980).

Finally, Chase quotes at length from the legislative history of the offense of harassment of a public servant, in which opponents of the statute apparently believed the offense ought not to apply to circumstances such as Chase's, i.e., to an "agitated drunk." However, despite these opponents' efforts to condemn such an application, the statute was enacted and remains in effect. We cannot rely on rejected commentary when applying the statute the commentators opposed.

–4–

We conclude a rational trier of fact, charged with discerning Castro's intent from evidence of the surrounding circumstances, could have found beyond a reasonable doubt that Castro intended to cause his saliva to contact Reed and intended—when he did so—to harass, alarm, or assault her. Thus, the evidence was sufficient to support the jury's finding of guilt. *See Johnson*, 364 S.W.3d at 293–94. We overrule Castro's single issue.

We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121164F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROLANDO MARIO CASTRO, Appellant

No. 05-12-01164-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-82255-2011.
Opinion delivered by Justice Lewis.
Justices FitzGerald and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of August, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE